IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JUDY G. EVETT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | 7 : 04-CV-98 (RLH) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The plaintiff herein filed this Social Security appeal on September 8, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed applications for disability and Supplemental Security Income benefits on June 28, 2001, and March 10, 2003, respectively, alleging disability beginning August 26, 1998, due to chronic neck, arm, shoulder, back and leg pain, depression, and carpal tunnel syndrome. Her applications were denied throughout all administrative levels, with the ALJ determining that while the plaintiff had some functional limitations, she was able to perform a range of light work and that she was capable of making a successful adjustment to work that exists in significant numbers in the

national economy.  The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ erred in relying on his own opinion as to the severity of the claimant's pain, and failed to provide specific reasons for discrediting the plaintiff's subjective accounts of pain and limitation.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Pain standard*

If the Commissioner "finds evidence of an underlying medical condition, and either (1)

objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ, after finding that the plaintiff had the residual functional capacity to perform light work activity, states that

> [i]n reaching this conclusion, the undersigned has considered the claimant's allegation that she is incapable of any work due to her impairments and finds it unpersuasive.  The extent of pain and limitation alleged by the claimant is simply not supported by the weight of the objective medical evidence.  The claimant is able to sit, stand and walk for brief periods without difficulty, so long as she is able to alternate between sitting and standing at will.  At the hearing, the claimant admitted that she is able to drive, shop and perform some household chores.  Further, the medical record reveals that subsequent to her

> surgery in 1993, the claimant has received only conservative treatment for her conditions, and her health care providers have opined that she is not a candidate for further surgery. The claimant's depression has been categorized as mild, and is, by the claimant's own admission, not the cause of her inability to work. The undersigned concludes that these factors are inconsistent with, and do no support the claimant's allegation of an inability to perform any work activity.

R. at 16.

A review of the ALJ's findings and the objective medical record herein evidences that the ALJ provided specific reasons for discrediting plaintiff's subjective testimony of disabling pain and limitations, and that the ALJ's findings are supported by substantial evidence. In finding plaintiff's testimony not credible to establish disability, the ALJ noted the lack of support in the objective medical record and the plaintiff's own account of her daily activities. Contrary to the plaintiff's assertions, there is no indication that the ALJ formulated and relied on his own indicia for measuring the plaintiff's pain and limitation.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 7th day of September, 2005.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb